UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No.:        3:11-cr-5-J-20-JRK

TODD A. PERLA
_____/

## DEFENDANT DR. TODD A. PERLA'S TRIAL BRIEF

COMES NOW, the Defendant, Dr. Todd A. Perla, by and through undersigned counsel, John M. Stokes, of the Stokes Law Firm, and files this Trial Brief pursuant to this Honorable Court's Order.

## FACTUAL BACKGROUND

Dr. Todd A. Perla was indicted by a federal grand jury on October 12, 2011 and charged in Count I with Knowingly and Willingly Conspiring to Distribute Oxycodone and Xanax (frequently referenced in the vernacular as "drug trafficking"), and in Count III with Knowingly and Willingly Conspiring to Engage in Monetary Transactions of a Value Greater than $10,000.00 in Criminally Derived Property from the Specified Unlawful Activity of Conspiring to Distribute and Dispense Oxycodone and Xanax (also, frequently referenced in the vernacular as "money laundering")

Dr. Perla is a retired navy physician, who faithfully served his country for twenty-four (24) years, and who has no criminal history.  He is a fully licensed medical doctor under the auspices of the Florida Department of Business and Professional Regulation

and is board certified in family medicine.   Dr. Perla suffers from certain medical conditions that include chronic back and leg pain.

His alleged involvement in this/these enterprise(s) stems from his employment as a clinic physician at Duval Wellness Center, Inc. in Jacksonville, Florida.  Dr. Perla would come to work, retire to consult and examination rooms inside the clinic and practice medicine, in exchange for a salary paid to him by the clinic.  He was unaware of the office management/billing practices.  Rarely would he come out to the front of the clinic or even outside to the parking lot.

## LEGAL ISSUES

1.     Whether Dr. Perla conspired with his co-defendants to distribute controlled substances outside the normal course of medical practice.

2.     Whether Dr. Perla conspired with his co-defendants to, in the vernacular, lauder money.

## MEMORANDUM

One out three Americans, 100 million according to the Institute of Medicine of The National Academies, experience pain; the Government regulates the use of opioids.[1] Inevitably, the two positions would clash/culminate in a criminal prosecution.  As such, this case is one that follows many that preceded it, in the prosecution of this clash of divergent positions.

The Government has postulated that the indicted medical practitioners have engaged in conduct that exceed a clear bright line standard; that is dispensing controlled

---

[1] Institute of Medicine Report from the Committee on Advancing Pain Research, Care, and Education: *Relieving Pain in America, A Blueprint for Transforming Prevention, Care, Education and Research*. The National Academies Press, 2011.

substances, in the due course of a medical practice, while departing from a legitimate medical purpose. Much of the commentary on defining this standard has been written in prosecutorial "war rooms" rather than at American Medical Association conclaves and symposiums.

In 2002 the Department of Justice began issuing a "Quick Reference Card" on "Prescription Drug Diversion Prosecutions" to department counsel as well as U.S. Attorney's Offices. These quick reference cards state that there are "no specific guidelines" by which to determine whether a physician is acting "outside the course of professional practice" when prescribing opioids. Further, the cards indicate clearly that the judgment of whether a physician is acting "outside" or not, is made on a case by case basis.

The Government has previously attempted to advance the position that federal prosecutors determine what constitutes "appropriate" medical practices, only to have a Court clearly hold that "prosecutors have never possessed such powers, and the vagueness of the {statutory} reference would render any alleged violation based on prosecutor's subjective views about medical practice patently unenforceable." *Oregon v. Ashcroft*, 192 F. Supp. 2d 1077, 1090 (D. Oregon 2002).

Once this issue got to the high Court, Justice Anthony Kennedy, writing the majority opinion, soundly rejected this prosecutorial legislative proclivity. He wrote that if the Attorney General enjoyed this authority to criminalize what it saw fit, then it would enjoy the unrestrained power to criminalize "the conduct of registered physicians whenever they engage in conduct he {the AG} deems legitimate. *Gonzales v. Oregon*, 546 U.S. 243, 126 S. Ct. 904 (2006). The Attorney General has no such medical

expertise, nor authority over medical standards.  *Id*.  Kennedy noted that the Attorney General's power to criminalize…would be unrestrained.  *Id*.

## CONCLUSION

Dr. Todd A. Perla neither conspired to unlawfully distribute controlled substances, nor conspired to launder money.  His actions were never intentionally outside the scope of legitimate medical standards and/or practice.  Perla administered medical treatment to a segment of the population that many overlook.  While other treatment alternatives may exist for the treatment of their pain, said alternatives are beyond the financial resources of the working poor who often work in low wage, manual labor jobs sans benefits.

Respectfully submitted March 8, 2013.

s /  John Montgomery Stokes
John M. Stokes, Esquire
Florida Bar Number:  0664383
Counsel for Dr. Todd A. Perla

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2013, I electronically filed this Trial Brief with the Clerk of United States District Court, Middle District of Florida, Jacksonville Division, through the CM/ECF system, that automatically sends a notice of the same electronically to Assistant United States Attorney Jay Taylor, Esquire, Assistant United States Attorney Diidri W. Robinson, and all parties enrolled similarly in this cause.

s / John Montgomery Stokes
**JOHN M. STOKES, Esquire**
Florida Bar Number: 0664383
Counsel for the Defendant
STOKES LAW FIRM
408 West University Avenue, Suite 204
Post Office Box 12716
Gainesville, Florida 32604
(352) 338-8410       Telephone
(352) 338-8418       Facsimile
stokeslaw@cox.net    E-Mail Address
www.gatorslaw.com    Website Address